

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00415-CR

---

NICHOLAS ANTHONY FRAZIER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 33851A, Honorable Dee Johnson, Presiding

---

August 4, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Nicholas Anthony Frazier, appeals his convictions for one count of possession of a controlled substance (cocaine), one gram or more but less than four grams[1] and for one count of possession of a controlled substance (psilocin), four grams

---

[1] TEX. HEALTH & SAFETY CODE §§ 481.102(3)(D), 481.115(c).

or more but less than four hundred grams.[2]  On appeal, he challenges the sufficiency of the evidence linking the controlled substances found in the house to him.  We affirm.

## BACKGROUND

Appellant had been staying at a residence located at 4518 Willow Street, Amarillo, Texas.  Texas Department of Public Safety CID Lieutenant Ben Dollar was leading an investigation and performing surveillance at the residence.[3]  With the information gathered throughout the investigation and provided by Chris,[4] law enforcement was able to obtain a warrant to search the home.  On April 16, 2024, law enforcement executed the search warrant on the home.

From his position at the bedroom window where Appellant had been originally observed, Lieutenant Dollar explained that when he broke the bedroom window, Appellant jumped up from the bed and ran out of the bedroom and into the living area. Officers entered the house, secured Appellant in the living area, and undertook the search.  The bedroom, which the evidence showed to be where Appellant stayed, is referred to as Bedroom 2, located on the northwest corner of the home.[5]

---

[2] TEX. HEALTH & SAFETY CODE §§ 481.103(a)(5)(B)(ii), 481.116(d).

[3] During his surveillance, Lieutenant Dollar witnessed a suspected drug transaction between Appellant and an acquaintance, "Chris."  When Lieutenant Dollar stopped Chris shortly after he left the exchange, Chris possessed 3.5 grams of suspected cocaine.  With information from Chris and other information gathered throughout the investigation, law enforcement was able to obtain the search warrant for the residence.

[4] Chris purportedly became a confidential informant and provided information relevant to this and other drug investigations.  To protect the identity of the acquaintance, who has been, at times, deemed a confidential informant, we employ the pseudonym "Chris" out of an abundance of caution.

[5] Though it appears other items—including firearms and drug-related items—were also found in Bedroom 1, the record does not reflect that Appellant was charged with possessing any of them.  Only Bedroom 2 and its contents are relevant to this appeal.

On the bed in Bedroom 2, officers found Appellant's passport, his social security card, his VA card, his debit and credit cards, a folding knife, and cash. They also found mail and prescription medications bearing Appellant's name atop the dresser Appellant acknowledged as his, along with Appellant's clothing and shoes, television, "workout enhancer" pills, massager, muscle balm, pain patches, a digital scale, and ointments, all of which Appellant confirmed as belonging to him.

Inside one of the dresser drawers, officers found what appeared to be psychedelic mushrooms and marijuana. In a container of coconut oil moisturizer atop the dresser, officers discovered suspected fentanyl pills. Similarly, a nicotine pouch tin found atop the dresser contained what appeared to be cocaine. Appellant said the controlled substances did not belong to him.

As officers continued to search the house, Lieutenant Dollar took Appellant to his police vehicle and conducted a brief interrogation, during which Appellant explained that an unidentified man from Oklahoma City would travel to Amarillo to bring in controlled substances of all varieties, including cocaine, marijuana, and candies. Appellant claimed that he did not know the man's name and only communicated with the supplier via Snapchat. Although Appellant could not provide the supplier's Snapchat username, he assured Lieutenant Dollar that he could get him the information later. He denied that any of the other occupants of the home had any dealings in this matter and affirmed that anything found in the house would be his. He refused to say explicitly that he sold controlled substances, but he did give information on the amount of cocaine he attained from the supplier and the price paid.

3

In all, the lab reports confirmed the following were recovered from Bedroom 2: 48.08 grams of psilocin mushrooms; 1.76 grams of cocaine (in the form of cocaine-laced papers, originally suspected to be LSD); and 1.13 grams of fentanyl. Consequently, Appellant was charged with the following offenses: (1) manufacture or intent to deliver cocaine in an amount of four grams or more but less than 200 grams; (2) possession of psilocin in an amount of four grams or more but less than 400 grams, and (3) possession of fentanyl in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE §§ 481.115(c), 481.116(d).

At trial, Appellant testified on these charges. He claimed he had only returned to Amarillo approximately three weeks earlier, after having been out of state for several months for work-related duties. He shared the home with friends, Fabian and Crystal, and their children. He expressly invited the family to use his room during his absence, adding that several different people had stayed in the room while he was gone. As for the suspected drug transaction with Chris, Appellant testified that it was a simple matter of Chris coming by to pay Appellant money that Chris owed him.

As to Count I, the Randall County jury found Appellant guilty of the lesser-included offense of possession of cocaine in an amount of one gram or more but less than four grams. As to Count II, the jury found Appellant guilty as charged. The jury found Appellant not guilty as charged in Count III. As punishment, the jury assessed a fine and five-year sentences for both Count I and Count II to run concurrently. It also recommended that these sentences be suspended and Appellant be placed on community supervision for ten years. The trial court entered a judgment of acquittal as to Count III. This appeal followed.

4

By his one issue, Appellant claims the evidence is insufficient to establish he possessed controlled substances recovered from the home he shared with multiple individuals. We disagree.

Due process requires the State to prove each element of the charged crime beyond a reasonable doubt. *Cada v. State*, 334 S.W.3d 766, 772–73 (Tex. Crim. App. 2011). In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023) (citations omitted); *see Reese v. State*, No. 07-19-00253-CR, 2020 Tex. App. LEXIS 3771, at *15 (Tex. App.—Amarillo May 4, 2020, pet. ref'd) (citing *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017)). A proper review of evidentiary sufficiency considers the cumulative force of the evidence. *Garcia*, 667 S.W.3d. at 761–62.

We give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Reese*, 2020 Tex. App. LEXIS 3771, at *15 (citing *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016)). The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012). When the record supports conflicting inferences, we

5

presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Id.* In a sufficiency inquiry, direct evidence and circumstantial evidence are equally probative. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016).

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). Because Appellant was convicted of knowingly possessing a controlled substance, to prove the requisite intent to possess, the State had to show that Appellant (1) exercised control, management, or care over the substance in question and (2) that he knew that the substance was contraband. *See* TEX. HEALTH & SAFETY CODE §§ 481.115(a), 481.116(d), 481.002(38) (defining "possession" as "actual care, custody, control, or management"). Regardless of whether the evidence of such is direct or circumstantial, it must establish that a defendant's connection to the contraband was more than fortuitous. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005), *overruled on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015). A defendant's mere presence at the location where drugs are found is insufficient, by itself, to establish actual care, custody, or control of those drugs. *Tate*, 500 S.W.3d at 413 (citing *Oaks v. State*, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982)). Presence or proximity, when combined with other evidence, may be sufficient to establish the element of possession beyond a reasonable doubt. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). When the contraband is not in the exclusive possession of the defendant, a factfinder may nonetheless infer the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference. *Poindexter*, 153 S.W.3d at 406; *Runels v. State*, No. 07-22-

6

00173-CR, 2023 Tex. App. LEXIS 5146, at *7 (Tex. App.—Amarillo July 6, 2023, no pet.) (mem. op., not designated for publication).

The Texas Court of Criminal Appeals has adopted a list of several relevant considerations that may support such an inference by linking a defendant to the contraband: (1) whether the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) whether the defendant was in proximity to and had access to the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See Tate*, 500 S.W.3d at 414. These considerations serve to guide us in our analysis.

According to Lieutenant Dollar, Appellant was located on the bed in Bedroom 2 when law enforcement entered the house. Appellant then immediately got up and rushed to the living area where he was detained and secured by officers. Officers found contraband in containers both atop and within the dresser in Bedroom 2. Although not necessarily in plain view, the contraband was both accessible and nearby Appellant.

7

Appellant admitted to having occupied the room four to five nights a week upon his return to Amarillo approximately three weeks prior.

There is no evidence whether Appellant was under the influence of narcotics at the time of the search. There is no evidence that Appellant made any attempt to flee outside his rapid exit from Bedroom 2. There is no evidence Appellant made any furtive gestures. There is no evidence of an odor of contraband in the house.

Appellant did, however, admit to possessing the marijuana discovered in his truck and the guns found in Bedroom 2. He acknowledged he was not permitted to possess either. When Lieutenant Dollar interviewed Appellant at the scene, Appellant admitted having purchased narcotics from an unidentified man who came to town from Oklahoma City and who communicated with Appellant only through Snapchat. While Appellant acknowledged that he did make incriminating statements during the interview, he testified that he felt compelled to do so by Lieutenant Dollar's offer of leniency for information related to the narcotics supply chain.

Appellant acknowledged that he lived in the house with Fabian and Crystal with their permission. He also acknowledged Bedroom 2 was his bedroom. Appellant admitted that he owned a digital scale but denied the one photographed atop his dresser was the one he owned. He did confirm at least twice that the dresser belonged to him. Cash and Appellant's identifying information were discovered on Appellant's bed. Appellant denied that he owned the nicotine pouch tin on the dresser but admitted that he used pouches from that brand in the past. He also testified that the dresser in which the mushrooms were found contained his clothing and underwear.

8

The logical force of this evidence, both direct and circumstantial, supports the finding that Appellant knowingly possessed the mushrooms found in his dresser drawer and the cocaine found in the tin atop his dresser. *Accord Hackleman v. State*, 919 S.W.2d 440, 444–45 (Tex. App.—Austin 1996, pet. ref'd, untimely filed) (when appellant admitted to residing in his girlfriend's home but denied knowingly possessing controlled substances, identifying information within the room noted as a factor to consider in linking appellant to the contraband found in the room within his clothing, toolbox, and basket on the dresser in which he stayed). Accordingly, we overrule Appellant's sole issue challenging the sufficiency of the evidence linking him to the substances.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgments of conviction.

Laura A. W. Pratt
Justice

Do not publish.

9